## Slakoff's Appeal

*Joseph Kaplan,* for appellant.
*John J. Elcock,* assistant city solicitor, for appellee.

LEWIS, J., July 5, 1932.—This appeal from the Board of Revision of Taxes of Philadelphia County questioned the fairness of an assessment for the year 1932 of $78,500 as the taxable value of a lot of land and two-story brick garage, known as No. 6800 Quincy Street, in the Germantown section of Philadelphia.

From the evidence taken before us we make the following

### Findings of fact

1. The property of the appellant involved in this proceeding consists of a lot of land 25 feet 8⅝ inches in width, with a depth on the southwest of 57 feet 8½ inches and a depth on the southeast of 110 feet, with a modern excellently built and equipped two-story brick garage built thereon, the whole property being in use as a commercial garage.

2. The market value of the property described in the first finding of fact as of the fall and winter of the year 1931—the time at which the assessment for taxable purposes was required to be made—was $78,500.

### Discussion

At the hearing before us testimony was offered on behalf of the appellant owner by persons alleged to be familiar with the operation of commercial garages and with the market value of land and buildings used for such purpose. In support of the assessment, evidence of three real estate brokers who qualified as experts was given. In our judgment, the appellant's witnesses underestimated the value of the property. The depression has undoubtedly brought about sacrifice sales of real estate as well as of other kinds of property, and such distress sales do not necessarily represent "market value," as we must define it, nor the real value of the equity transferred from seller to buyer. The income from a commercial garage largely depends upon competent and obliging management, as does the income of residence apartments. Under one management a property may have few tenants even in prosperous times,

hence income; while in times of stress, such as the present, skillful management overcomes many obstacles resulting from wide competition. The evidence did not convince us that there had been any unfairness, abuse of discretion or error on the part of those designated by law to fix the taxable value of real estate of this kind.

*Conclusion of law*

1. The appeal should be dismissed.

*Decree*

And now, to wit, July 5, 1932, the appeal of Eva Slakoff to the assessment made by the Board of Revision of Taxes of the County of Philadelphia is dismissed, appellant to pay the costs.

NOTE.—On exceptions filed by the appellant, the amount of the assessment was, on September 19, 1932, reduced by the court en banc to $70,000.